# United States District Court
# Central District of California

| | |
|---|---|
| BEATRIX ANN GORELICK and BRIAN TODD GORELICK,<br><br>   Plaintiff,<br><br>   v.<br><br>FCA US LLC; BN DEALERSHIP I, LLC dba WEST VALLEY CHRYSLER JEEP; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case № 2:19-cv-01894-ODW (SKx)<br><br>**ORDER GRANTING MOTION TO REMAND and DENYING FEES AND COSTS [17]; and<br>DENYING MOTION TO DISMISS AS MOOT [10]** |

## I.  INTRODUCTION

On February 5, 2019, Plaintiffs Beatrix Ann Gorelick and Brian Todd Gorelick ("Plaintiffs") filed this action in the Superior Court of California, County of Los Angeles. (Decl. of Tammara N. Bokmuller in Support of Removal, Ex. A ("Compl."), ECF No. 1-2.)  Defendant FCA removed the matter based on alleged diversity jurisdiction.  (Notice of Removal ("Notice") 3, ECF No. 1.)  Plaintiffs move to remand and seek attorneys' fees and costs.  (Mot. to Remand ("Mot."), ECF No. 17.) The Court finds that it lacks subject matter jurisdiction and consequently **REMANDS** this action to state court.[1]

---

[1] After considering the papers filed in connection with the Motion to Remand, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

This is a Song-Beverly Consumer Warranty Act ("Song-Beverly") action concerning a 2015 Chrysler 200 ("Vehicle"). (Compl. ¶ 11; Mot. 1.) Plaintiffs allege the Vehicle was sold to them with a defective transmission, resulting in "a host of symptoms." (Compl. ¶ 16.) On February 5, 2019, Plaintiffs filed this action in the Superior Court of California, County of Los Angeles, Case No. 19STCV03983. (*See* Compl.) Plaintiffs assert causes of action against Defendant FCA under Song-Beverly and for Fraudulent Concealment, and against Defendant BN Dealership I, LLC dba West Valley Chrysler Jeep ("West Valley") for Negligent Repair. (Mot. 1.) After Defendant FCA removed the case to this Court alleging diversity jurisdiction, Plaintiffs moved to remand and for attorneys' fees and costs. (Notice; Mot. 1.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

## IV. DISCUSSION

FCA invokes diversity as the basis of the Court's subject matter jurisdiction. (Notice 3.) The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the

2

presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Here, Plaintiffs allege that they are California citizens and that Defendant West Valley is a California limited liability company. (Compl. ¶¶ 1, 6.) Defendant FCA agrees. (Notice 4.) Thus, complete diversity is destroyed. However, Defendant FCA argues that the Court should disregard Defendant West Valley's citizenship because FCA contends West Valley was fraudulently joined to the Complaint. (*Id.*)

### A.  Fraudulent Joinder

"An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant." *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *see also Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a sham defendant if . . . the plaintiff could not possibly recover against the party whose joinder is questioned."). There is a general presumption against fraudulent joinder and thus "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206.

Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018). The standard for establishing fraudulent joinder is more exacting than for dismissal for failure to state a claim. *Id.* at 549. If there is any "*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 548

(quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Courts should decline to find fraudulent joinder where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 549–50.

Plaintiffs assert one claim against Defendant West Valley for Negligent Repair. (Compl. ¶¶ 138–42.) Defendant FCA contests Plaintiffs' claim against Defendant West Valley only as to the damages element, arguing that the economic loss rule bars Plaintiffs' recovery on a negligence theory. (Opp'n 5–7.) The economic loss rule provides that "damages for inadequate value, costs of repair and replacement of [a] defective product or consequent loss of profits—without any claim of personal injury or damages to other property"—can give rise only to contract remedies. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). The rule draws a distinction "between tort recovery for physical injuries and warranty recovery for economic loss." *Id.* at 989. However, California courts have recognized an exception to the economic loss rule in cases involving negligent performance of services or where the harm rises "above and beyond a broken contractual promise." *Id.* at 988; *N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 777–85 (1997).

Defendant FCA has not met its burden to prove fraudulent joinder by clear and convincing evidence. Whether Plaintiffs' claim for negligent repair is barred by the economic loss rule or comes within an exception is a question that "requires a searching inquiry into the merits" of Plaintiffs' case. *Grancare*, 889 F.3d at 549. Further, courts in this district have found California law concerning exceptions to the economic loss rule not "well-settled." *See Gayou v. Ford Motor Co.*, No. CV-18-10407-DMG (JEMx), 2019 WL 1325846, at *3 (C.D. Cal. Mar. 25, 2019) ("[T]he lack of clarity in California law regarding the tort duties arising from service contracts makes this issue 'not well-settled.'"); *Lytle v. Ford Motor Co.*, No. 2:18-CV-1628 WBS (EFBx), 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018) ("California law is not so settled that a plaintiff could not possibly recover against a dealership for

negligent repair of a vehicle."). Thus, a possibility exists that a state court would find that Plaintiffs state a viable cause of action against Defendant West Valley. Finally, although Defendant FCA argues Plaintiffs "fall short" in stating their claim for negligent repair, nothing precludes Plaintiffs from amending their complaint with additional relevant facts. *See Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) ("If there is 'any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint,' *or in a future amended complaint*, 'the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.'") (emphasis added) (quoting *Hunter*, 582 F.3d at 1044).

Defendant FCA has failed to show by clear and convincing evidence that no possibility exists that a state court would find the Complaint states a claim against Defendant West Valley. As such, Defendant West Valley is properly joined, the Court cannot disregard its citizenship, and the Court lacks subject matter jurisdiction.

**B.     Attorneys' Fees and Costs**

Plaintiffs seeks $1,300 in attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). (Mot. 6–7.) "An order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, generally, a district court may award attorneys' fees under section 1447(c) only when a defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Here, although the Court finds removal was improper, Defendant FCA's attempt at removal was not objectively unreasonable. Thus, the Court **DENIES** Plaintiffs' request for fees and costs.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Plaintiffs' request for fees and costs. (ECF No. 17.) The Court **REMANDS** the action to the Superior Court of the State of California, County of Los Angeles, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012, Department 56, Hon. Holly J. Fujie, Case No. 19STCV03983.

The Court **DENIES AS MOOT** Defendant West Valley's Motion to Dismiss Plaintiffs' Fourth Cause of Action. (ECF No. 10.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

May 15, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**